## Appeal of WHITNEY COAL MINING CO.

Docket No. 4933. Decided July 21, 1926.

*Willard M. Whitney* for the petitioner.
*George G. Witter, Esq.* for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1919 in the amount of $1,314.07. The

deficiency results from the disallowance of the claim of the tax-
payer that it was a personal service corporation during 1919. The
taxpayer does not base its appeal upon such disallowance, but upon
the claim that it is entitled to deduct from gross income $35,400 for
salaries of officers, instead of the amount of $5,400 claimed on its
original personal-service-corporation tax return for the year 1919.

### FINDINGS OF FACT.

The taxpayer was incorporated under the laws of Pennsylvania
on February 26, 1918, and began business on July 1, 1918. It suc-
ceeded to the assets and business of a partnership, which began busi-
ness on January 1, 1918. There were three members of the part-
nership, namely, Willard M. Whitney, Mae A. Kelley, and John
P. Kelley. The capital stock of the corporation was $15,000, and
each of these individuals paid $5,000 for $5,000 par value of the
capital stock. These individuals constituted all of the stockholders
and all of the officers of the taxpayer during 1919, Willard M.
Whitney being president, Mae A. Kelley, secretary and treasurer,
and John P. Kelley, vice president.

The taxpayer was, during the year 1919, in the business of buying
and selling coal, under an arrangement whereby it purchased coal
from various operators at one price, sold it to customers at another
price, made the bills to the customers due before the bills from the
operators, and from the proceeds thereof paid the operators. It
never owned any mines but its officers were interested in certain
mines, the coal of which the taxpayer chiefly sold. Besides the
officers above named, the taxpayer had a business organization con-
sisting of an extra stenographer and a bookkeeper and one salesman.

At a meeting of the board of directors of the corporation on
March 14, 1918, the compensation of the officers for the ensuing year
was fixed as follows:

Willard M. Whitney, president_____ $13, 600
Mae A. Kelley, secretary and treasurer_____ 11, 800
John P. Kelley, vice president_____ 10, 000

It was provided, however, that if the officers should receive said
salaries, or a pro rata part thereof, from the partnership, or if the
salaries should be chargeable against the partnership, "then said
salaries or the pro rata part thereof of the officers shall not com-
mence until July 1, 1918." At a meeting of the board of directors
held March 3, 1919, the following minute was adopted:

Upon motion duly seconded and unanimously passed the compensation of
the officers for the ensuing year was fixed as follows:

Per year.

President_____ $13, 600
Vice president _____ 10, 000
Secretary and treasurer_____ 11, 800

At the end of the year 1919, the taxpayer found that it did not have sufficient profits from which to pay the salaries it had voted, and the directors agreed among themselves that they would draw only $5,400 of the total amount authorized, and that this amount would be shared by Willard M. Whitney and Mae A. Kelley, and that John P. Kelley would draw no salary whatsoever for the year 1919.

Following this agreement, the bookkeeper of the company was advised of the agreement and made an entry in the books crediting the full amount of salaries to the officers. Later he charged back to the officers all except $5,400, which amount was actually paid to the officers, Willard M. Whitney and Mae A. Kelley.

The corporation, in its tax return filed for 1919, claimed a deduction of only $5,400 as salary paid to its officers and was allowed that deduction.

The taxpayer had a very successful year in 1920 and reported in its tax return for that year a net taxable income of over $92,000. Salaries during that year were paid to its officers at the rates shown in the minute of the meeting of the board of directors of March 3, 1919, that is, the total officers' salaries paid for the year was $35,400. It paid nothing in that year, however, nor has it since paid anything on account of officers' salaries undrawn in the year 1919.

After the deduction from gross income of $5,400 for officers' salaries for the year 1919, the taxpayer returned a net income of $7,525.78. If the taxpayer had deducted from gross income $35,400 for compensation of officers, its return would have shown a net loss for the year of $22,474.22.

The taxpayer's books of account for the year 1919 were kept on the accrual basis.

### OPINION.

SMITH: The taxpayer paid to its officers during the year 1919 $5,400. In March, 1919, the taxpayer had agreed to pay its officers salaries of $35,400. By reason of the fact that it did not earn enough to pay the full amount of salaries, there was an agreement among the officers that the full amount should not be paid. The evidence is not clear as to whether this agreement resulted in a relinquishment on the part of the officers of the undrawn salaries, or whether there was merely an agreement that the payment of them should be deferred. The income-tax return of the corporation, made out by the bookkeeper but executed by the president, and secretary and treasurer, shows the deduction from gross income of only $5,400 for salaries of officers. Although the taxpayer earned a large amount of money in 1920, no back salaries were paid to the officers and no back salaries have been paid up to the present time. In view of this fact,

the Board is of the opinion that the amount of officers' salaries which was an expense to the corporation in 1919 was only $5,400.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*